UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MAURICE HANEY,

        Petitioner,

                                    Case No. 15-12372

   v.                          HON. TERRENCE G. BERG

SHAWN BREWER,

        Respondent.

_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
AND DISMISSAL OF THE HABEAS PETITION (DKT. 10),
DISMISSING THE HABEAS PETITION WITH PREJUDICE,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner David Maurice Haney, a state prisoner currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 1.) Petitioner is attempting to challenge his 2010 convictions for carjacking and armed robbery on grounds that his Sixth Amendment rights were violated at trial. (*See id.* at 5, 7.) Before the Court is the Respondent's Motion for Summary Judgment and Dismissal of the Habeas Petition. (Dkt. 10.) Respondent maintains that the habeas petition is barred by the one-year statute of limitations. (*Id.* at pp. 10-12.) The motion was filed on January 21, 2016 and Petitioner has neither responded nor requested an extension of time to respond. Respondent's motion for summary judgment is therefore unopposed.

Having reviewed the record, the Court concludes that the habeas petition is time-barred. For this reason, Respondent's Motion for Summary Judgment and Dismissal of the Habeas Petition (Dkt. 10) will be **GRANTED**, and the habeas petition (Dkt. 1) will be **DISMISSED**. Moreover, the Court will decline to issue a certificate of appealability or grant Petitioner leave to proceed *in forma pauperis* on appeal.

## I. BACKGROUND

Petitioner was tried before a jury in Wayne County Circuit Court in Detroit, Michigan. On March 9, 2010, Petitioner was found guilty of carjacking and armed robbery pursuant to M.C.L. § 750.529. Petitioner was sentenced on April 8, 2010 to concurrent terms of 20 years 6 months to 41 years in prison for each conviction. (Dkt. 11-9, pp. 6-7.)

Petitioner filed an appeal of right with the Michigan Court of Appeals. The Michigan Court of Appeals summarized the evidence as follows:

> The victim in this case drove her off-white Ford Crown Victoria to a Rite–Aid store in Detroit.  After making her purchases and returning to her car, she noticed defendant walking beside the store.  Defendant was wearing a dark-colored jacket that appeared to be a security jacket.  As the victim was getting into her car, defendant came in between her and her open car door.  Defendant pointed a gun at the victim and demanded her purse and her car keys.  Defendant threatened to "blow [her] brains out["] if she did not comply.  During this time, the victim was able to clearly see defendant's face.
>
> Defendant reached over the victim and started the car. Defendant ordered the victim to get out of the car and walk down a nearby alley. The victim ran behind the Rite Aid store.  When she returned to the front of the store her car was gone.  The victim had left all of her belongings in the car, including her purse and her cell phone. The

2

victim returned to the Rite Aid store and the police were called.

Following an interview with the victim during which the victim described defendant as a black male wearing a dark-colored security jacket, officers put the information received from the victim over the dispatch. Approximately 2 hours later, officers observed a Ford Crown Victoria that matched the plate and vehicle description of the carjacked vehicle given out by dispatch. Officers followed the vehicle for a couple of blocks and then activated the lights on the patrol car to perform a traffic stop. At that point, defendant jumped out of the Crown Victoria and began to speed walk in the opposite direction of the vehicle. An officer got out of the patrol car and chased defendant. As defendant fled, a weapon fell out of his waistband. The officer grabbed defendant, who was wearing a blue security jacket, and handcuffed him. Shortly thereafter, the officer recovered the weapon that had fallen from defendant's waistband. A search of defendant's person revealed the victim's Metro PCS cell phone in defendant's pocket.

     . . . .

The defense theory was that defendant was not the individual who robbed and carjacked the victim, and that the victim's stolen Crown Victoria came into defendant's hands during the approximately two hour period between the crime and the time defendant was found driving the vehicle.

*Id.* at *1-2 (footnote omitted).

In his appeal, Petitioner argued that: (1) he was denied his right of confrontation and his right to present a defense by the trial court's restriction on the presentation and exploration of evidence in support of the defense theory; and (2) he was denied his constitutional right to effective assistance of counsel when his trial counsel failed to seek to suppress the complainant's in-court identification of him. *See id.* at * 2-5. On September 22, 2011, the Michigan Court of Appeals affirmed Petitioner's convictions. *Id.* at *1. On April 27, 2012, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the

3

issues. *See People v. Haney*, 491 Mich. 912 (2012) (table). Petitioner did not seek review in the United States Supreme Court.

On October 30, 2012, Petitioner filed a motion for relief from judgment in the state trial court. (Dkt. 10-3.) He alleged that his trial and appellate attorneys were ineffective, his constitutional right to confrontation was violated, and the trial court abused its discretion. (*See id.* at 6.) The trial court denied Petitioner's motion under Michigan Court Rules 6.508(D)(2) and (3). (*See* dkt. 11-11.) Petitioner appealed the trial court's decision without success. First, the Michigan Court of Appeals denied his application for failure to establish entitlement to relief under Rule 6.508(D). *See People v. Haney*, No. 31-7777 (Mich. Ct. App. Nov. 27, 2013). Then, on June 24, 2014, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Haney,* 496 Mich. 857 (2014) (table).

On June 19, 2015, Petitioner signed and dated his habeas corpus petition, and on June 30, 2015, the Clerk of the Court filed the petition.[2] Petitioner's grounds for relief read:

I. 6th Amendment Constitutional Right Violation

The trial court erred by violating Petitioner's [right to] due process of law by not fulfilling all required element[s] of the crime to charge Petitioner.

---

[2] "Under the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012). "Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The Court therefore deems Petitioner's pleading filed on June 19, 2015.

II. 6th Amendment Right Violation

Trial counsel was ineffective where she allow[ed] insufficient evidence
to be given to the jury.

(Dkt. 1, pp. 5, 7.)

Respondent asserts in his motion for summary judgment that Petitioner's

claims are untimely and thus barred from substantive review. Respondent's motion

has been pending for nearly six months but Petitioner never responded nor asked

for additional time to do so. The Court considers Respondent's motion to be

unopposed.

## II. ANALYSIS

### A.  AEDPA'S One-Year Period of Limitation

The Court must "grant summary judgment if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law."  Fed. R. Civ. P. 56(a). Respondent's motion for summary

judgment is based on the statute of limitations set forth in the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"). AEPDA governs this case because

Petitioner filed his petition after AEDPA was enacted on April 24, 1996. *Lindh v.

Murphy*, 521 U.S. 320, 326-27 (1997); *Muniz v. Smith*, 647 F.3d 619, 622 (6th Cir.

2011).

AEDPA established a one-year period of limitation for state prisoners to file

their federal habeas corpus petitions. *Wall v. Kholi,* 562 U.S. 545, 550 (2011) (citing

5

28 U.S.C. § 2244(d)(1)). The period of limitation runs from the latest of four

specified dates:

> **(A)** the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking
> such review;

> **(B)** the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of the
> United States is removed, if the applicant was prevented from filing by
> such State action;

> **(C)** the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable to
> cases on collateral review; or

> **(D)** the date on which the factual predicate of the claim or
> claims presented could have been discovered through the exercise of
> due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitations "period is tolled during the pendency

of a 'properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim.' " *Kholi*, 562 U.S. at 549 (quoting

28 U.S.C. § 2244(d)(2)).

Petitioner is not relying on a newly-recognized constitutional right or on

newly-discovered facts, and he has not shown that the State created an impediment

to filing a timely habeas petition. *Cf.* 28 U.S.C. § 2244(d)(1)(B-D). Consequently, the

statute of limitations began to run when Petitioner's convictions "became final by

the conclusion of direct review or the expiration of the time for seeking such

review."  28 U.S.C. § 2244(d)(1)(A).

"Direct review" concludes for purposes of § 2244(d)(1)(A) when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). "Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'" *Id.* at 119-20 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari.  For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). A petition for writ of certiorari to review a judgment entered by a state court of last resort must be filed within ninety days after entry of the judgment. Sup. Ct. R. 13.1.

## B. Application

Because Petitioner did not apply for a writ of certiorari in the United States Supreme Court, his convictions became final on July 26, 2012, ninety days after the Michigan Supreme Court denied leave to appeal on direct review. The statute of limitations began to run on the following day, and it ran slightly more than three months before Petitioner filed his motion for relief from judgment in the state trial court.

The statute was tolled for the entire time that Petitioner's post-conviction motion was pending in state court, that is, from October 30, 2012, when Petitioner filed his motion, until June 24, 2014, when the Michigan Supreme Court denied leave to appeal the trial court's decision on Petitioner's motion. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

The limitations period resumed running on June 25, 2014 because it was not tolled for the time that Petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court following the state courts' collateral review of his convictions. *Lawrence v. Florida*, 549 U.S. 327, 329, 332 (2007).

Petitioner filed his habeas corpus petition on June 19, 2015; almost twelve months after the state courts concluded their review of his post-conviction motion. As noted above, the limitations period also ran about three months before Petitioner filed his motion for relief from judgment. Thus, the limitations period ran a total of approximately fifteen months, or more than a year.

## C.  Exceptions to AEDPA's Limitations Period

### 1.  Equitable Tolling

AEDPA's statutory limitation period is not a strict jurisdictional rule; rather, it "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court, however, has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'

and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling).

Petitioner was not diligent in pursuing his rights, and he has failed to show that some extraordinary circumstance stood in his way of filing a timely habeas petition. As a result, Petitioner is not entitled to equitable tolling of the limitations period.

### 2. Actual Innocence

The Supreme Court has held that actual innocence, if proved, may itself serve as a legal basis that would allow consideration of a habeas petitioner's constitutional claims despite the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Petitioner has not alleged that he is actually innocent. Although his habeas petition appears to be challenging the sufficiency of the evidence at trial, " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). And even though Petitioner points out that the

complainant identified two other people, rather than him, in a line-up (*see* dkt. 9, pp. 62-64), this is not new evidence. In fact, there was testimony at trial that the complainant did not identify Petitioner in the line-up. (*See* dkt. 11-7, p. 28) Thus, to the extent Petitioner is attempting to show that he is actually innocent, his argument fails.

To summarize, Petitioner's convictions became final on July 26, 2012. The statute of limitations ran for about three months before Petitioner filed his motion for relief from judgment on October 30, 2012. The limitations period was then tolled until the state courts concluded their review of Petitioner's motion on June 24, 2014.  Petitioner then waited almost a year before he filed his habeas corpus petition. In total, the limitations period ran for approximately fifteen months. Further, Petitioner is not entitled to equitable tolling of the limitations period, and he has not presented the Court with any new and credible evidence of actual innocence.  Consequently, the habeas petition is untimely, and substantive review of the habeas claims is barred.

Moreover, as noted above, Petitioner has failed to respond to the Respondent's motion.  Consequently, the Court finds that Petitioner does not oppose the motion, and it may be granted on that ground as well.

### III. CERTIFICATE OF APPEALABILITY

The Court will also deny petitioner a certificate of appealability and leave to proceed *in forma pauperis* on appeal. When a federal district court issues an

adverse ruling on a habeas petition, the court "must issue or deny a certificate of appealability." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists would not find the Court's procedural ruling debatable, nor conclude that the petition states a valid claim of the denial of a constitutional right. Accordingly, Petitioner is denied a certificate of appealability. The Court similarly denies Petitioner leave to appeal *in forma pauperis*, because an appeal would be frivolous.  *See Allen v. Stovall*, 156 F. Supp.2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION AND ORDER

Based upon the foregoing, it is **ORDERED** that Respondent's Motion for

Summary Judgment and Dismissal of the Habeas Petition (Dkt. 10) is **GRANTED**

and the Petition for a Writ of Habeas Corpus (Dkt. 1) is **DISMISSED WITH**

**PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and

Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2016

## Certificate of Service

I hereby certify that this Order was electronically submitted on June 29, 2016, using the CM/ECF system and/or postal mail.

By:  s/A. Chubb
Case Manager